**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLORADO**

| | |
|---|---|
| AMERICA 2030 CAPITAL LIMITED,<br><br>  Plaintiff,<br><br>  v.<br><br>MARK BRANTLEY<br><br>DANIEL BRANTLEY LAW FIRM<br><br>BRIAN BARNES<br><br>ELIZABETH HARPER<br><br>DIA FORRESTER<br><br>ERIK PRINCE<br><br>SUNPOWER BUSINESS GROUP PTE LTD.<br><br>TOURNAN TRADING PTE LTD.,<br><br>  Defendant(s). | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, America 2030 Capital Limited (hereinafter referred to as "Plaintiff") hereby files this complaint against Mark Brantley, Daniel Brantley Law Firm, Brian Barnes, Elizabeth Harper, Dia Forrester, Erik Prince, Sunpower Business Group PTE Ltd., and Tournan Trading PTE Ltd. (hereinafter referred to as "Defendants") for Breach of Confidentiality. Defendants breached confidentiality by: (1) Violation of Ethical Duty, (2) Breach of Fiduciary Trust, (3) Conflict of Interest, (4) Breach of Sacrosanct Privacy of Attorney-Client Privilege, (5) Misuse of Confidential Information, and (6) Breach of Duty. Defendants also violated the Foreign Corrupt Practices Act by advantageously using Plaintiff's confidential information and Ministerial position in furtherance of Defendants' political, financial, and personal gain.

### JURISDICTION AND VENUE

1. Under 28 U.S.C. § 1332(a), this court has subject matter jurisdiction given that the Plaintiff and Defendants are citizens of different states with the Defendants being domiciled in Nevis, West Indies, the state of Virginia, and Hong Kong. Additionally, the amount in controversy exceeds $75,000.

2. This court has personal jurisdiction over Defendants under Colorado's long-arm statute, Colo. Rev. Stat. § 13-1-124. Personal jurisdiction is proper in this instance because it does not offend traditional notions of fair play and substantial justice given that Defendants have sufficient "minimum contacts" with the state of Colorado.

3. Specifically, Defendants Mark Brantley, Mark Brantley Law Firm, and the three named partners of Mark Brantley Law Firm conducted business with Plaintiff, a Colorado entity, for a period of three months in 2018 and continue to represent Plaintiff today. After which time, Defendants Erik Prince, Sunpower Business Group PTE Ltd., and Tournan Trading PTE Ltd. were privy to Plaintiff's confidential information and, subsequently, all Defendants used Plaintiff's confidential information to their advantage in matters materially adverse to Plaintiff.

4. Furthermore, Defendants Mark Brantley, Daniel Brantley Law Firm, and the three named partners routinely visit the United States for business, tourism, and personal matters. Defendants have clients in the United States, solicit clients from the United States, maintain and serve clients residing in United States, meet clients in the United States, receive currency from the United States, transmit currency to United States in United States Dollars, engages in trade with US currency, and own and maintain bank accounts in the United States as well as abroad, in US currency. Therefore, Defendants regularly avail to the jurisdiction of the United States, and subsequently, this court.

5. Additionally, this court should exercise jurisdiction given that the named defendant, Mark Brantley, is a prominent political figure who currently serves as the Minister of Foreign Affairs and Premier of Nevis. As the Premier of Nevis, Defendant Mark Brantley heads the Nevis Island Administration which is the autonomous governing body within the Federation of Saint Kitts and Nevis. Further, Defendant Mark Brantley has been known to have improperly influenced Nevis judges in the past.

6. Given that Defendant Mark Brantley is a well-known politician and leader in Nevis, this court should exercise jurisdiction in that it would be nearly impossible and very unlikely for a fair trial in Nevis, an island with an extremely small population known for corruption. Thus, in the interests of justice and fairness, this court should exercise jurisdiction.

7. This court should also consider the current political atmosphere in Nevis, West Indies when considering whether the action is proper in this court. While media reports self-censoring to avoid problems with the government in Nevis, there are reports to indicate that corporate bribery is prevalent in Nevis and, in an instance involving a Citizens by Investments program, Nevis government officials were involved in fraud. These facts are particularly disturbing given that Defendant Mark Brantley is one of the top government officials. Plaintiff requests this court consider these facts given that a trial in Nevis would be extremely prejudicial towards the Plaintiff as Defendants have immense political power.

8. This court enjoys venue under 28 U.S.C. § 1381 because there is no district court in which the action may otherwise be brought.

## THE PARTIES

9. Plaintiff is a Corporation in good standing in Colorado whose Registered Agent is located in Colorado Springs, El Paso County, State of Colorado.

10. Defendant Mark Brantley is a citizen of and domiciled in Nevis, West Indies who travels routinely to US, conducts business in US, has US clients, owns and controls directly and indirectly bank accounts in US as well as in Nevis in United States currency and routinely engages in commerce using United States currency.

11. Defendant Daniel Brantley's Law Firm's principal place of business is located in Nevis, West Indies, which owns, is the beneficiary of and controlling entity over bank accounts in United States as well as in Nevis which are denominated in US currency.

12. Defendant Brian Barnes is a citizen of and domiciled in Nevis, West Indies. Defendant is a partner at Daniel Brantley Law Firm, who travels routinely to US, conducts business in US, has US clients, owns and controls directly and indirectly bank accounts in US as well as in Nevis in United States currency, and routinely engages in commerce using United States currency.

13. Defendant Elizabeth Harper is a citizen of and domiciled in Nevis, West Indies. Defendant is a partner at Daniel Brantley Law Firm, who travels routinely to US, conducts business in US, has US clients, owns and controls directly and indirectly bank accounts in US as well as in Nevis in United States currency, and routinely engages in commerce using United States currency.

14. Defendant Dia Forrester is a citizen of and domiciled in Nevis, West Indies. Defendant is a partner at Daniel Brantley Law Firm, who travels routinely to US, conducts business in US, has US clients, owns and controls directly and indirectly bank accounts in US as well as in Nevis in United States currency, and routinely engages in commerce using United States currency.

15. Defendant Erik Prince is a citizen of the United States and domiciled in the State of Virginia.

16. Defendant Sunpower Business Group PTE Ltd. is a company domiciled in Hong Kong which engages in global commerce using United States currency and owns and maintains directly and indirectly bank accounts denominated in US currency.

17. Defendant Tournan Trading PTE Ltd. is a company domiciled in Hong Kong which engages in global commerce using United States currency and owns and maintains directly and indirectly bank accounts denominated in US currency.

## STANDING

18. Plaintiff has standing to bring this action given that Defendants breached professional confidentiality which resulted in irreparable harm to the Plaintiff. The Defendants' misuse of confidential information and abuse of the attorney-client relationship directly and actually resulted in injury to the Plaintiff. Furthermore, Defendants continues to represent clients, Defendants Erik Prince, Sunpower Business Group PTE Ltd., and Tournan Trading PTE Ltd. in matters that are materially adverse to Plaintiff as a former and current client.

## FACTS

19. Plaintiff operates a well-known business of stock loans around the world.

20. Plaintiff previously had engaged Defendant for legal representation, obtained legal counsel and advise from Defendant. The legal relationship has never been terminated between Plaintiff and Defendant.

21. Plaintiff shared confidential information with Defendant in May, June, and July of 2018 in the course of said legal counsel.

22. Defendant operates a law firm engaged in the practice of International Law catering to and serving United States citizens.

23. Defendant currently represents Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince in a legal capacity.

24. Defendant currently represents Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince in matters that are materially adverse to Plaintiff.

25. During the course of representation of Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince, Defendant used confidential information previously disclosed by Plaintiff to Defendants' advantage.

26. Additionally, Defendants Erik Prince and Sunpower Business Group PTE Ltd. continue to advantageously utilize the confidential information obtained through their relationship with Defendants Mark Brantley, Daniel Brantley Law Firm, and the three named partners.

27. Defendant failed to cease and desist its representation of Sunpower Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince after Plaintiff requested him to do so.

28. Furthermore, Plaintiff continues to remain a client of Defendants' Law Firm today.

## **FIRST CAUSE OF ACTION**
*Violation of Ethical Duty*

29. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

30. Under the ABA Model Rules of Professional Conduct, Rule 1.9 states that, "a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in a same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."

31. To determine if there has been as violation of this ethical duty, three elements must be met: (1) the moving party must demonstrate the existence of an attorney-client relationship, (2) that the former representation was "the same or substantially related" to the current litigation, and, finally, (3) that the current client's interest are "materially adverse" to the former client's interest. *Roosevelt Irrigation Dist.v. Salt River Project Agricultural Improvement and Power Dist.*, 810 F. Supp. 2d 929, 945 (D. Ariz. 2011).

32. Plaintiff previously entered into an attorney-client relationship with Defendant. This relationship has never been terminated.

33. Throughout the duration of this relationship, specifically the months of May, June, and July of 2018, Plaintiff shared confidential information with Defendant under the presumption that this information was protected under the attorney-client relationship.

34. Defendant currently represents Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince in matters that are substantially related to the matters which Plaintiff consulted with Defendant.

35. Defendant's current client's, Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince, interests are materially adverse to the Plaintiff as a current and former client. Furthermore, the Defendant's use of Plaintiff's confidential information continues to pose a substantial risk of injury to the Plaintiff.

36. Defendant refused and failed to cease representation of Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince, after being asked to do so via certified letter from Plaintiff.

37. All named Defendants continue to use Plaintiff's confidential information for matters materially adverse to Plaintiff which, subsequently, continues to harm Plaintiff in a financial, business, and personal capacity.

38. Therefore, Defendant's continued representation of Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince is violation of attorney's ethical duty to current and former clients.

39. Additionally, all Defendants have violated the Foreign Corrupt Practices Act as Plaintiff's confidential information continues to be used as a bargaining chip to further the political and financial agenda of Defendants.

## SECOND CAUSE OF ACTION
*Breach of Fiduciary Trust*

40. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

41. In order to assert a successful claim for breach of fiduciary trust, three elements must be proven: (1) the existence of a fiduciary duty, (2) breach of that duty, and (3) proximately resulting damages. *Diversified Group, INC. v. Daugerdas*, 139 F. Supp. 2d 445, 453 (S.D.N.Y. 2001).

42. Furthermore, it is well established that a fiduciary relationship exists as a matter of law between an attorney and his client. *Id.*

43. By nature of the attorney-client relationship between Plaintiff and Defendant in May, June, and July of 2018, a fiduciary relationship existed.

44. Defendant breached the fiduciary trust by entering into an attorney-client relationship with Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince whose interests are materially adverse to the Plaintiff.

45. Defendant breached the fiduciary trust by using confidential information to it's advantage in the representation of Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince. Defendant never served any notice upon Plaintiff that its relationship with Plaintiff terminated.

46. As a direct and proximate result of Defendant's representation of Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince, Plaintiff suffers ongoing harm in the form of monetary loss and the continued exposure of more confidential

information being released to entities with materially adverse interests to Plaintiff as a former and current client of Defendant.

## THIRD CAUSE OF ACTION
*Conflict of Interest*

47. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

48. As aforementioned, ABA Model Rule of Professional Conduct 1.9 states, "a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed by writing."

49. To determine whether a conflict exists, courts look to three elements: (1) the existence of an attorney-client relationship, (2) that the former representation was "the same or substantially related" to the current litigation, and (3) that the current client's interests are materially adverse" to the former client's interests. *Roosevelt Irrigation Dist.v. Salt River Project Agricultural Improvement and Power Dist.*, 810 F. Supp. 2d 929, 945 (D. Ariz. 2011).

50. Matters are considered to be substantially related "if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Model Rules of Prof'l Conduct R. 1.9 cmt. 3 (2018).

51. Conflicts of interest exist when the general subject matter of the prior representation was substantially related to the issues that would necessarily be resolved in the subsequent action. *Roosevelt Irrigation Dist. v. Salt River Project Agricultural Improvement and Power Dist.*, 810 F. Supp. 2d 929, 945 (D. Ariz. 2011).

52. Plaintiff previously entered into an attorney-client relationship with Defendant and such relationship continues.

53. In May, June, and July of 2018, Plaintiff divulged confidential information to Defendant in the course of the attorney-client relationship.

54. Defendant currently represents Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince in matters that are substantially related to Plaintiff.

55. Defendant's current clients, Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince, interests are materially adverse to the Plaintiff as a current

and former client given that there is a substantial risk that Plaintiff's confidential information will advance Defendant's client position in subsequent matters.

56. Plaintiff never consented to Defendant's representation of Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince. Furthermore, Plaintiff sent a cease and desist letter to Defendant requesting that Defendant cease all representation of Sunpower Business Group PTE Ltd., Tournana Trading PTE LTd., and Erik Prince.

57. Therefore, Defendant's continued representation of Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince is a conflict of interest.

## **FOURTH CAUSE OF ACTION**
*Breach of Sacrosanct Privacy of the Attorney-Client Relationship and the Violation of Professional Integrity*

58. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

59. Courts have a duty to safeguard the sacrosanct privacy of the attorney-client relationship so as to maintain public confidence in the legal profession and to protect the integrity of the judicial proceeding. *Chemical Waste Mgmt., Inc. v. Sims*, 875 F. Supp. 501, 503 (N.D. Ill. 1995).

60. An attorney-client relationship is formed when an attorney renders advice directly to a client who has consulted him seeking legal counsel. *Boskoff v. Yano*, 57 F. Supp. 2d 994, 998 (D. Haw. 1998).

61. A fundamental principle in the lawyer-client relationship is that a lawyer shall maintain the confidentiality of the information relating to the representation. *Freeman v. Chicago Musical Instrument Co.*, 689 F. 2d 715, 721 (7th Cir. 1982).

62. Plaintiff previously entered into an attorney-client relationship with Defendant by seeking legal counsel and representation from Defendant and such relationship continues.

63. Plaintiff provided confidential information during the months of May, June, and July of 2018.

64. Plaintiff provided confidential information believing that the information would remain confidential given that it was obtained during the course of legal representation.

65. Defendant currently represents Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince in matters that are substantially related to Plaintiff.

66. Defendant's current client's, Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince, interests are materially adverse to the Plaintiff as a current and former client given that there is a substantial risk that Plaintiff's confidential information will advance Defendant's client position in subsequent matters.

67. Plaintiff never consented to Defendant's representation of Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince. Furthermore, Plaintiff sent a cease and desist letter to Defendant requesting that Defendant cease all representation of Sunpower Business Group PTE Ltd., Tournan Trading PTE LTd., and Erik Prince.

68. Defendant's continued representation of Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince is a breach of the sacrosanct attorney-client relationship and a violation of professional integrity.

## FIFTH CAUSE OF ACTION
*Misuse of Confidential Information*

69. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

70. Under the ABA Model Rules of Professional Conduct, Rule 1.6 states, "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted" by necessity.

71. An attorney's first ethical duty to a client is confidentiality, which fosters full and open communication between a client and attorney based on the client's understanding that the attorney is obligated to maintain the client's confidentiality. *UMG Recordings, Inc. v. MySpace, Inc.*, 526 F. Supp. 2d 1046,1058 (C.D.Cal. 2007).

72. Plaintiff previously entered into an attorney-client relationship with Defendant and such relationship continues as it was never terminated.

73. During the course of that representation, Plaintiff divulged confidential information to Defendant under the presumption that Plaintiff's confidential information would be kept confidential.

74. Defendant currently represents Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince in matters that are substantially related to Plaintiff.

75. Defendant's current client's, Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince, interests are materially adverse to the Plaintiff as a former client given that there is a substantial risk that Plaintiff's confidential information will advance Defendant's client position in subsequent matters.

76. Plaintiff never consented to Defendant's representation of Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince. Furthermore, Plaintiff sent a cease and desist letter to Defendant requesting that Defendant cease all representation of Sunpower Business Group PTE Ltd., Tournan Trading PTE LTd., and Erik Prince.

77. Defendant's misuse of Plaintiff's confidential information continues to put Plaintiff at risk of suffering irreparable harm.

## **SIXTH CAUSE OF ACTION**
*Breach of Duty*

78. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

79. Whether an attorney has breached its duty to the client depends on whether the duty fell within the scope of the attorney's employment. *International Tele-Marine Corp. v. Malone & Assoc.*, 845 F. Supp. 1427, 1433 (D. Colo. 1994).

80. An attorney owes two different duties to former clients: (1) an attorney has a duty of confidentiality which prohibits an attorney from using against the former client any information or knowledge acquired by virtue of the representation of that client, and (2) an attorney has a duty of loyalty to the former client which prohibits the attorney from undertaking a representation adverse to a former client in a matter substantially related to the prior representation of that client. *In re Irwin J. Jaeger*, 213 B.R. 578, 587 (Bankr. C.D. Cal. 1997).

81. Defendant previously provided legal counsel to Plaintiff and such relationship continues.

82. During the course of representation, Plaintiff disclosed confidential information to Defendant in the months of May, June, and July of 2018.

83. As a current and former client, Defendant owed Plaintiff both a duty of confidentiality as well as of loyalty and sacrosanct trust.

84. Defendant breached the duty of confidentiality as well as the duty of loyalty by representing Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince in matters that are materially adverse to Plaintiff.

85. Plaintiff requested Defendant cease and desist representation of Sunpower Business Group PTE Ltd., Tournan Trading PTE Ltd., and Erik Prince. However, Defendant continues to represent these clients, while Plaintiff is still a client of Defendant.

86. Defendant breached confidentiality by using Plaintiff's confidential information to the advantage of Defendant's current clients.

87. Furthermore, Defendant breached loyalty by continuing to represent clients whose interests are materially adverse to Plaintiff.

## SEVENTH CAUSE OF ACTION
*Foreign Corrupt Practices Act*

89. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

90. Under 15 U.S.C. § 78dd- 1 et seq., otherwise known as the Foreign Corrupt Practices Act (FCPA), officers of a domestic concern are prohibited from making corrupt payments to a "foreign official" which includes "any officer or employee of foreign government or any department, agency or instrumentality thereof".

91. To obtain a judgement under the FCPA, six elements must be met: (1) that defendant is of a domestic concern, (2) that made use of means or instrumentality of interstate commerce, (3) corruptly, (4) in furtherance of an offer or payment of anything of value to any person, (5) while knowing that the money would be offered or given directly or indirectly to any foreign official, (6) for purposes of influencing any act or decision of such foreign official in his official capacity. 15 U.S.C. § 78dd- 1 et seq.

92. As used in the FCPA, the word "corruptly" connotes an evil motive or purpose, an intent to wrongfully influence the recipient. *Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt International B.V. V. Schreiber*, 327 F.3d 173, 182 (2d Cir. 2003).

93. As to the first element, that defendant is of a domestic concern, Defendant Erik Prince is a citizen of the United States and domiciled in Virginia. Additionally, while some Defendants are not citizens or corporations in the United States, Defendants should be treated as domestic concerns given Defendants regular dealings with the United States. Specifically, Defendant currently represents many US citizens and corporations. In general, the US dollar is accepted and used regularly in Nevis. Furthermore, Defendants currently represent Defendant Erik Prince, a United States citizen, and have used the Plaintiff's confidential information to Defendant Erik Prince's advantage. Defendants continue to use Plaintiff's confidential information in furtherance of political and financial gain.

94. As to the second element, making use of means or instrumentality of interstate commerce, Defendants' continued representation of citizens of the United States, dealings with the United States, and business transactions involving the United States serves as interstate commerce. Specifically, Defendants choose to continue to represent US Citizen, Defendant Erik Prince, a representation that certainly avails itself to the jurisdiction of the United States as well as interstate commerce. Defendants continue to travel to the United States, use United States banks, and enjoy

other privileges of interstate commerce for the purpose of representing clients such as Defendant Erik Prince. Defendants continue to advantageously use Plaintiff's confidential information for the purposes to wrongfully influence in the political and business spheres.

95. As to the third element, corruption, Defendants continue to use confidential information corruptly by providing that information to Defendant, Mark Brantley, who is the current Premier of Nevis. Defendant Mark Brantley is able to aptly use Plaintiff's confidential information in advancing his own political and personal motives. Defendant Mark Brantley has been known publicly to influence Nevis judges in the past and currently holds a position of great power. Furthermore, the use of this confidential information has been advantageous to Defendant in the representation of US citizen, Defendant Erik Prince.

96. As to the fourth element, furtherance of an offer or payment of value, Plaintiff's confidential information is of value. The FCPA does not require that a bribe be only in a monetary form; thus, confidential information can be used as an offer or payment of value.

97. As to the fifth element, knowingly giving said value to foreign officers, Defendant Daniel Brantley Law Firm shared Plaintiff's confidential information with Defendant Mark Brantley as well as with Defendants Erik Prince, Tournan Trading PTE Ltd., and Sunpower Business Group PTE Ltd.. This alone constitutes giving something of value, confidential information, to a foreign official. Additionally, Defendants' use of Plaintiff's confidential information severely disadvantaged Plaintiff in dealings with Defendants and gives Plaintiff a distinct disadvantage in the judicial system in Nevis. The present instance is just one example of the corporate bribery and corruption that continues to plague Nevis.

98. Finally, as to the last element, for the purpose of influencing, Defendants' use of Plaintiff's confidential information constitutes influencing in that it was used for political advantage to the Defendants. Nevis is widely known for corporate bribery as well as fraud within the government. Plaintiff's confidential information continues to be used for all Defendants' advantage in advancing business means, political means, and personal means.

99. Therefore, the use of Plaintiff's confidential information by Defendants for the purpose of influencing is a direct violation of the FCPA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

Awarding Plaintiff compensatory damages, including actual, consequential, speculative, and incidental damages, for the breach of confidentiality, breach of duty owed to a current and former client, and violation of the FCPA.

Awarding Plaintiff attorney's fees and costs.

Granting any such further relief as the Court deems appropriate including preliminary and permanent injunctive relief.

**JURY TRIAL DEMANDED**

Dated: February 27, 2020

*/s/ Jaitegh Singh*
Jaitegh Singh, Esq. #48585
Attorney for Plaintiffs
7424 S University Blvd
Ste E PMB 85099
Centennial, CO 80122
212-687-2578
jt@jtsinghlaw.com

**VERIFICATION**

I, VAL SKLAROV, the President and CEO of Plaintiff America 2030 Capital Limited, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this  27  day of February, 2020.

_____
Val Sklarov