# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLORADO

| | |
|---|---|
| AMERICA 2030 CAPITAL LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK BRANTLEY<br><br>DANIEL BRANTLEY LAW FIRM<br><br>BRIAN BARNES<br><br>ELIZABETH HARPER<br><br>DIA FORRESTER<br><br>ERIK PRINCE<br><br>SUNPOWER BUSINESS GROUP PTE, LTD.<br><br>TOURNAN TRADING PTE LTD.,<br><br>    Defendant(s). | C.A. No. 1:20-cv-00551-DDD-KMT |

## **ATTORNEY'S AFFIDAVIT IN RESPONSE TO ORDER TO SHOW CAUSE**

1. Plaintiff, America 2030 Capital Limited, hereby responds to Judge's Order of March 10, 2020 to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

2. Under 28 U.S.C. § 1332(a), this court has subject matter jurisdiction on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a) states, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between-(2) citizens of a State and citizens or subjects of a foreign state". As to the first requirement, amount in controversy, Plaintiff asserts that the amount in controversy in this case well exceeds $75,000. As a result of this matter, Plaintiff has suffered monetary loss as well as exposure of confidential business information; the value of said confidential business information is priceless. Furthermore,

this confidential information was misused by many Defendants, each of which is responsible to Plaintiff for said injury. As to the second requirement, diversity of parties, Plaintiff is a corporation with a registered agent in Colorado; whereas, Defendants are located in Nevis, West Indies, Virginia, USA, and Hong Kong. Therefore, this Court has original subject matter jurisdiction over this claim in the form of diversity jurisdiction.

3. Alternatively, this Court also has subject matter jurisdiction under the seventh cause of action in the Complaint, the violation of the Foreign Corrupt Practices Act (FCPA). Under 15 U.S.C. § 78dd- 1 et seq., otherwise known as FCPA, officers of domestic concern are prohibited from making corrupt payments to a "foreign official" which includes "any officer or employee of foreign government or any department, agency or instrumentality thereof". In *United States v. Hoskins*, the 2nd Circuit Court of Appeals identified four classes that the FCPA provides jurisdiction over: (1) American citizens, nationals, and residents, regardless of whether they violate the FCPA domestically or abroad; (2) most American companies, regardless of whether they violate the FCPA domestically or abroad; (3) agents, employees, officers, directors, and shareholders of most American companies when they act on the company's behalf, regardless of whether they violate the FCPA domestically or abroad; (4) foreign persons (including foreign nations and most foreign companies) not within any of the aforementioned categories who violate the FCPA while present in the United States. 902, F.3d 69, 85 (2d Cir. 2018). As to Defendant Erik Prince, Prince is an American citizen who is domiciled in Virginia; therefore, Prince falls under the first category. Conversely, the rest of the Defendants in this matter are foreign nationals; however, this Court should still exercise jurisdiction over these Defendants despite their status as foreign nationals. The foreign Defendants in this matter constantly avail themselves as to the privileges of the United States by way of conducting business in the United States on behalf of United States Citizens, utilizing the United States banking system with U.S. currency, and frequently traveling to the United States for both business and pleasure. Defendants violated and continue to violate the FCPA while in the course of representing a United States citizen, Defendant Prince, which under *Hoskins* third category would indicate that Defendants are agents while acting on Defendant Prince's behalf.

4. While most cases involving the FCPA are brought by the government, FCPA claims have also been brought by private plaintiffs. In *D'Agostino v. Johnson & Johnson*, the plaintiff, a private US citizen, brought suit using the FCPA as the plaintiff's employer had fired him for refusing to participate in what plaintiff believed to be illegal bribery. 133 N.J. 516, 519 (N.J. 1993). Furthermore, in *D'Agostino*, the court emphasized that "Congress, through the FCPA has expressed a need to protect the public against the bribing of foreign officials by domestic companies." *Id* at 532. Additionally, in *Dooley v. United Technologies Corp.*, a private plaintiff, Thomas Dooley, used violations of the FCPA as a basis for one of many RICO claims. 803 F.Supp. 428, 438 (D.D.C. 1992). Therefore, while FCPA is more prominent in cases brought by the government, private plaintiffs have also successfully asserted claims under FCPA.

5. Furthermore, as this Court has subject matter jurisdiction over the FCPA claim, this Court has supplemental jurisdiction over the other claims in this matter should this Court reject diversity jurisdiction. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." As such, the FCPA violation arises directly from the abuse of the attorney-client relationship and the misuse of Plaintiff's confidential information. Each cause of action in the Complaint stems from one set of facts that form this case. Therefore, even if this Court rejects diversity jurisdiction, under the FCPA and supplemental jurisdiction, this Court should find jurisdiction over this matter.

6. Additionally, Plaintiff also requests that this Court consider other factors when determining if jurisdiction is proper. The Defendants of this case are unique as they possess immense political power and judicial influence in Nevis, West Indies. Defendant Mark Brantley is a well-known politician, leader, and lawyer in Nevis West Indies; other Defendants in this matter are employed as Partners and Associates at Brantley's Law Firm. Given these facts alone, it is unlikely that Plaintiff would be afforded a fair trial should this matter be adjudicated in Nevis, West Indies, an extremely small island. Further, Defendant Brantley

has been known to improperly influence judges in the past and Nevis has been recognized as an island plagued by political corruption. Therefore, in the interest of justice and the rights afforded to parties under the Constitution, this Court should find jurisdiction proper in this matter.

Dated: March 19, 2020

*/s/ Jaitegh Singh*
Jaitegh Singh, Esq. #48585
Attorney for Plaintiffs
155 E. 44th Street
6th Floor
New York, NY 10017*
212-687-2578
jt@jtsinghlaw.com

*\* Due to COVID-19, please utilize this address only for service of documents as unnecessary travel has been suspended and this is the only address that Singh Law Firm, P.A. will continue to maintain in order to handle mail during this period.*
