**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:20-cv-00551-DDD-KMT

AMERICA 2030 CAPITAL LIMITED,

    Plaintiff,

v.

MARK BRANTLEY;
DANIEL BRANTLEY LAW FIRM;
BRIAN BARNES;
ELIZABETH HARPER;
DIA FORRESTER;
ERIK PRINCE;
SUNPOWER BUSINESS GROUP PTE LTD; and
TOURNAN TRADING PTE LTD,

    Defendants.

## ORDER OF DISMISSAL

    Before the Court is Plaintiff's response [Doc. 18] to the Court's Second Order to Show Cause [Doc. 17] why this case should not be dismissed due to the Court's lack of subject-matter jurisdiction. Plaintiff has again failed to meet its burden of establishing subject-matter jurisdiction, and its claims will therefore be dismissed.

    Plaintiff maintains that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court "must rigorously enforce Congress'[s] intent to restrict federal [diversity] jurisdiction." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Plaintiff contends that it is a citizen of the State of Colorado, and that Defendants are citizens of the State of Virginia and the foreign states of West Indies and

Hong Kong. [Proposed Am. Compl., Doc. 18-1 at ¶ 1.] Section 1332(a) provides for diversity jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state" and between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," so long as the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(2), (3). The requirement of complete diversity applies to the alienage provisions of Section 1332(a)(2) and (3). *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989); *Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp.*, 897 F.2d 461, 463, 465 (10th Cir. 1990).

If Plaintiff's contentions regarding the citizenship of the parties are accurate, the Court likely would have subject-matter jurisdiction over this action pursuant to Section 1332(a)(3). Plaintiff has, however, failed—in its complaint [Doc. 1], its response [Doc. 15] to the Court's first Order to Show Cause [Doc. 14], its response [Doc. 18] to the Court's Second Order to Show Cause [Doc. 17], and its proposed amended complaint [Doc. 18-1]—to allege the facts required to support its contentions that it is a citizen of Colorado and the entity defendants are citizens of the West Indies and Hong Kong.

As to its own citizenship, Plaintiff alleges that it is "a Colorado corporation in good standing with a Registered Agent located in Colorado Springs, State of Colorado." [Proposed Am. Compl., Doc. 18-1 at ¶ 1.] The Court infers from this allegation that Colorado is the state by which Plaintiff has been incorporated. But nowhere in its pleadings has Plaintiff identified the location of its principal place of business. Without this information, the Court cannot ascertain the entirety of Plaintiff's citizenship, and therefore cannot determine whether complete diversity exists. *See* 28 U.S.C. § 1332(c)(1) (corporation is deemed citizen of every

State by which it is incorporated *and* State or foreign state of its principal place of business).

As to Defendant Daniel Brantley Law Firm, the Court infers from Plaintiff's allegations that this entity is a partnership. [*See* Proposed Am. Compl., Doc. 18-1 at ¶ 3.] Plaintiff alleges that three of Daniel Brantley Law Firm's partners are citizens of the West Indies. [*Id.* at ¶¶ 12-13.] But nowhere in its pleadings has Plaintiff identified whether Daniel Brantley Law Firm has any other partners in addition to the three who are named as defendants. Without this information, the Court cannot ascertain the entirety of Defendant Daniel Brantley Law Firm's citizenship, and thus cannot determine whether complete diversity exists. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (diversity jurisdiction in suit by or against unincorporated entity depends on citizenship of *all* the entity's members).

As to Defendants Sunpower Business Group PTE LTD and Tournan Trading PTE LTD, Plaintiff alleges that these entities are "compan[ies] domiciled in Hong Kong." [Proposed Am. Compl., Doc. 18-1 at ¶¶ 16-17.] But nowhere in its pleadings has Plaintiff identified whether these entities are corporations or entities of some other type. Without this information—and information as to either the locations of the entities' incorporation and principal places of business, or the citizenship of all their members—the Court cannot ascertain the citizenship of these two defendants, and thus cannot determine whether complete diversity exists. *See Carden*, 494 U.S. at 189-90 (incorporation or lack thereof is determinative of artificial entity's citizenship); *Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1002 (10th Cir. 2005) (same).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W.*

*Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). The Court has given Plaintiff two opportunities to remedy the deficiencies in its allegations regarding diversity jurisdiction, but Plaintiff has failed to do so. Plaintiff has withdrawn its Foreign Corrupt Practices Act claim and its contention that the Court has federal-question jurisdiction. [*See* Resp. to 2d Show Cause Order, Doc. 18 at 1-2; Proposed Am. Compl., Doc. 18-1 at 11-12.]

Accordingly, it is ORDERED that this action is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

DATED: May 6, 2020        BY THE COURT:

Hon. Daniel D. Domenico